UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2010 DEC -3 PM 12: 13
US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

CASE NO. 6:09-CV-00511-ACC-DAB
Chief Judge Anne C. Conway
Magistrate Judge David A. Baker

AZIZALLY S. VIRANI, and
ALINA A. VIRANI,

    Plaintiffs,

v.

HOMEFIELD FINANCIAL, INC.;
SELECT PORTFOLIO SERVICING,
INC.; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., as
nominee of Homefield Financial, Inc.; and
U.S. BANK NATIONAL ASSOCIATION,
as trustee, on behalf of the holders of the
Home Equity Trust 2005-6 Home Equity
Pass-Through Certificates, Series 2005-6,

    Defendants.
_____/

### AFFIDAVIT IN SUPPORT OF ACTUAL DAMAGES IN COMPLIANCE WITH THE COURT'S NOVEMBER 16, 2010 ORDER

STATE OF TEXAS

COUNTY OF HARRIS

    ALINA A. VIRANI, being duly sworn, deposes and states:

    1.    I am one of the Plaintiffs and have personal knowledge of the facts set forth in this Affidavit.

    2.    On or about March 24, 2008, Plaintiffs mailed a rescission letter to Homefield Financial, Inc. The rescission was based on various violations of the Truth In Lending Act as well as fraud in the origination of the loan and fraud in the factum.

3. On or about March 24, 2009, Plaintiffs filed a Complaint to enforce Plaintiffs' rescission due to Homefield Financial, Inc.'s failure to respond to the rescission letter or take any steps in terminating the security interest pursuant to 15 U.S.C. §1635.

4. Plaintiffs requested an injunction to the foreclosure action in their original complaint.

5. Additionally, Plaintiffs offered to tender. Plaintiffs' offer was not accepted within the 20 days pursuant to 15 U.S.C. §1635.

6. Although there had been very little activity in the foreclosure action, on or about May 2010, U.S. Bank noticed the foreclosure action for trial. Plaintiffs objected to the notice of trial as there were outstanding discovery issues and the case was not ripe for trial.

7. Shortly thereafter on May 24, 2010, Select Portfolio Servicing, Inc. and U.S. Bank file a Motion to Dismiss, or in the Alternative to Stay, this Action in Favor of an Earlier Filed State Court Action Involving Substantially the Same Issues and Parties.

8. Plaintiffs had filed a Motion to Stay the foreclosure action, however, Plaintiffs had not been successful in scheduling the motion for a hearing.

9. Plaintiffs were given a copy of this Court's Order granting Select Portfolio Servicing and U.S. Bank's Motion and abstaining the federal action pending the state court foreclosure action (Doc. #64) during mediation on June 21, 2010. The Court's Order was used to persuade Plaintiffs to settle the foreclosure action. This was two days before U.S. Bank's Motion for Summary Judgment hearing.

10. In the rush to fulfill the requirements of the settlement agreement, Plaintiffs inadvertently miscalculated the amount of actual damages. The sum of $163,665.74 was incorrect.

11. Following is the breakdown of the correct amount in actual damages:

| | |
|---|---|
| Amount to be Paid to Select Portfolio Servicing, Inc. pursuant to the Settlement Agreement | $102,439.00 |
| Total amount of Loan Payments made | $46,294.95 |
| Closing Costs | $7,466.74 |
| | |
| **TOTAL** | **$156,200.69** |
| | |

December 2, 2010

_____
Alina A. Virani

[Notary Seal: DANA K. HODGES, MY COMMISSION EXPIRES May 9, 2014]

SUBSCRIBED AND SWORN TO BEFORE ME on this 2nd day of December, 2010.

_____
Notary Public
My Commission expires 5-9-14.